UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK



OLDCASTLE PRECAST, INC.

                    Plaintiff,

-against-

LIBERTY MUTUAL INSURANCE COMPANY
METRA INDUSTRIES, INC.
                    Defendants.

7:16-cv-01914(NSR)

OPINION AND ORDER

NELSON S. ROMÁN, United States District Judge

By Opinion and Order dated March 12, 2019, the Court granted Plaintiff Oldcastle Precast, Inc.'s ("Plaintiff" or "Oldcastle") motion seeking to lift the existing stay and confirm the arbitration award ("Arbitration Award") issued by Arbitrator Thomas J. Rossi ("Arbitrator Rossi") on April 24, 2017. (ECF No. 68.) Presently before the Court is Plaintiff's motion pursuant to Fed. R. Civ. P. § 59(e) seeking interest on the judgment, or in the alternative pursuant to Fed. R. Civ. P. § 60 to amend the judgment to include New York State prejudgment interest and Federal post-judgment interest. Defendants oppose the motion.[1] For the following reasons, Plaintiff's motion is GRANTED.

**FACTUAL BACKGROUND**

The Court assumes familiarity with the factual and procedural background. Plaintiff initially commenced this action on March 15, 2016 demanding payment in full from Defendant Liberty, as surety, for construction materials supplied to Metra pursuant to a contract. (ECF No. 1). On April 18, 2016, Liberty filed an answer. (ECF No. 9.) On May 25, 2016, this Court signed a consent order ("Consent Order") amending the pleadings to add Metra as a named co-defendant, and allowing Plaintiff to file a petition (as substitute for the complaint) seeking to confirm Arbitrator Rossi's Award.

---

[1] Defendants' opposition is limited to the imposition of prejudgment interest. They have submitted no opposition to Plaintiff's request for post-judgment interest.

(ECF No. 30.) Plaintiff filed its petition seeking to confirm the Arbitration Award on June 29, 2017. (ECF No. 31.)

The parties dispute arises from a written contract entered into on or about October 21, 2014 ("Quotation Contract"), wherein Metra was obligated but failed to make payments for goods provided by Oldcastle and an Application for Business Credit, dated August 20, 2013. (ECF No. 57, Ex. 12 and Ex. 13.) Under the terms of the Quotation Contract, Oldcastle was to supply Metra with certain precast materials for use in the Pascack Bypass Culvert construction project (the "Project"), in Rockland County, New York. Oldcastle alleged it was owed $506,281.57, plus interest from April 1, 2015, as well as reasonable attorney's fees, costs and disbursements. (Compl. ¶12.) Liberty was named as a defendant in the lawsuit because it signed a payment bond ("Payment Bond") guaranteeing prompt payment of all monies due to persons furnishing Metra with labor, materials and/or services in connection with the Project. (Compl. ¶¶ 5,6.)

Pursuant to Article 12 of the Quotation Contract, any dispute arising under the contract was subject to arbitration. On October 30, 2015, under the terms of the arbitration clause(s), Oldcastle filed a demand for arbitration with the American Arbitration Association ("AAA") seeking payment from Metra and Liberty. (ECF No. 57.) Under the terms of a May 25, 2016 Consent Order, Liberty agreed to be named as a defendant, to participate in, and be bound by the arbitration determination. As a participant in the arbitration, Liberty was permitted to assert any and all claims and defenses. On November 17, 2015, Metra asserted affirmative defenses and counterclaims in the arbitration proceeding against Oldcastle. (ECF No. 57, Ex. C-3.) Arbitrator Rossi was duly appointed to preside over the arbitration proceeding in accordance with AAA Construction Industry Arbitration Rules. (ECF No. 47, Affidavit of Adam M. Tuckman in Support of Cross Motion to Vacate Portions of Award ("Tuckman Aff.") ¶ 5.; (ECF No. 57, Declaration of David M. Toolan in Support of Motion to Confirm Arbitration and Lift Stay ("Toolan Decl.") ¶¶ 14-15.)

All parties agreed that the applicable substantive law was New York law. (Tuckman Aff. ¶ 14, ¶ 15.) All parties agreed that the applicable procedural rules were the Construction Industry Arbitration Rules and Mediation Procedures of the American Arbitration Association. (ECF No. 47, Ex. 1.) The arbitration hearing was conducted in February 2017. (Tuckman Aff. ¶ 4.; Toolan Decl. ¶ 17.) The parties dispute various aspects of the testimony proffered in the arbitration hearing, however, there is no transcript of the hearing. On April 24, 2017, Arbitrator Rossi issued a decision granting Oldcastle's request for an award of damages, pursuant to the terms of the Quotation Contract, in the principal sum of $290,253.13, plus interest of $21,283.83, totaling $311,518.96. (ECF 55, Ex. 5). The $290,253.13 sum represents $496,406.57 due Oldcastle under the contract in actual damages, less $206,171.44 for Metra's counterclaims and/or offsets. (*Id.*) Arbitrator Rossi further indicated that any claims not expressly granted were deemed denied. (*Id.*)

By Opinion and Order, dated March 12, 2019, the Court granted Plaintiff's motion which sought to confirm the Arbitrator's Award and vacate the existing stay. In granting Plaintiff judgment in the sum of $311,518.96, the Court indicated the amount represented $290,235.13 (in damages less counterclaims and set-offs), plus $21,283.83 in interest (4% interest per annum commencing June 30, 2015 through April 30, 2017). Plaintiff now seeks to amend the judgment to the extent of granting prejudgment and post-judgment interest.

## DISCUSSION

**RECONSIDERATION**

Motions for reconsideration are governed by Local Civil Rule 6.3 and Fed. R. Civ. Pro. § 60(b) ("Rule 60(b)"). Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud . . ., misrepresentation, or misconduct by an opposing party;

3

(4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

The standard for a motion for reconsideration pursuant to Local Rule 6.3 is strict. *Targum v. Citrin Cooperman & Company, LLP*, No. 12 Civ. 6909, 2013 WL 6188339, at *1 (S.D.N.Y. Nov. 25, 2013). Motions for reconsideration are "addressed to the sound discretion of the district court[.]" *Mendell ex rel. Viacom, Inc. v. Gollust*, 909 F.2d 724, 731 (2d Cir. 1990). Such a motion "is not a vehicle for . . . taking a 'second bite at the apple . . . .'" *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (quoting *Sequa Corp. v. GBJ Corp.*, 156 F.3d 136, 144 (2d Cir. 1998)); *see also Koehler v. Bank of Bermuda, Ltd.*, No. M18–302, 2005 WL 1119371, at *1 (S.D.N.Y. May 10, 2005). Rather, "Local Rule 6.3 is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been considered fully by the court." *Sys. Mgmt. Arts Inc. v. Avesta Techs, Inc.*, 106 F. Supp. 2d 509, 521 (S.D.N.Y. 2000). "New arguments which could have been raised previously may not be raised on a motion for reconsideration." *Thypin Steel Co. v. Certain Bills of Lading*, No. 96-CV-2166(RPP), 1999 WL 108728, at *1 (S.D.N.Y. Mar. 3, 1999).

Reconsideration of a court's prior order is "an extraordinary remedy to be employed sparingly in the interests of finality and conservation of scarce judicial resources." *In re Initial Pub. Offering Sec. Litig.*, 399 F. Supp. 2d 298, 300 (S.D.N.Y. 2005) (internal citation and quotation omitted), *aff'd sub nom. Tenney v. Credit Suisse First Boston Corp.*, Nos. 05-CV-3430, 05-CV-4759, & 05-CV-4760, 2006 WL 1423785, at *1 (2d Cir. May 19, 2006). Thus, motions for reconsideration "will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked and that might reasonably be expected to alter the conclusion reached by the court." *In re Optimal U.S. Litig*, 886 F. Supp. 2d 298, 311 – 12 (S.D.N.Y. 2012); *accord Analytical Surveys, Inc.*, 684 F.3d at 52.

Alternatively, a court may grant a motion for reconsideration to "correct a clear error or prevent manifest injustice." *In re Optimal*, 886 F. Supp. 2d at 312 (internal quotation marks omitted).

**AMEND JUDGMENT**

Fed. R. Civ. P. 59(e) ("Rule 59(e)") provides that a motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment. The Second Circuit has long recognized that Rule 59(e) generally applies to motions for prejudgment interest, and have rejected attempts to circumvent the time limitations promulgated for filing such motions. See *Lee v. Joseph E. Seagram & Sons, Inc.*, 592 F.2d 39 (2d Cir. 1979); *Goodman v. Heublein, Inc.*, 682 F.2d 44, 45 (2d Cir. 1982). Motions seeking prejudgment interest and or post-judgment interest "involve[ ] the kind of reconsideration of matters encompassed within the merits of a judgment to which Rule 59(e) was intended to apply." *Osterneck v. Ernst & Whinney*, 489 U.S. 169, 176 (1989).

Here, the Court issued its Opinion and Order confirming the arbitrator's determination on March 12, 2019. (ECF No. 65.) On March 13, 2019, the Clerk of the Court entered judgment. (ECF No. 66.) Plaintiff's motion seeking to amend the judgment was filed on April 9, 2019, which is less than twenty eight days from the entry of judgment. Thus, the motion is timely.

As previously referenced, the parties' dispute arises from a breach of contract claim which is governed by New York law. Under New York law, "prejudgment interest is recoverable as a matter of statutory right in an action at law for breach of contract." *Adams v. Lindblad Travel, Inc.*, 730 F.2d 89, 93 (2d Cir.1984); N.Y.C.P.L.R. § 5001(a). The mere fact that a contract dispute is subject to arbitration does not preclude the granting of prejudgment interest. See *Finger Lakes Bottling Co. v. Coors Brewing Co.*, 748 F. Supp. 2d 286 (S.D.N.Y. 2010).

Prejudgment interest is not a penalty but rather the cost of having the use of another person's money for a specified period. *Love v. State*, 78 N.Y.2d 540, 544 (1991) citing Siegel, N.Y.Prac. § 411, at 623 (2d ed.). Generally, a prevailing party is entitled to prejudgment interest as a matter of law as of

the date of the liability verdict. See *Grobman v. Chernoff*, 15 N.Y.3d 525, 529 (2010). N.Y.C.P.L.R. § 5001(b) provides that interest is to be calculated on a cause of action from the time it accrues until the time of verdict or decision. See *Farrell v. Comstock Group, Inc.*, 211 A.D.2d 493 (1st Dep't 1995) (Prejudgment interest is calculated on a simple interest basis from the earliest ascertainable date on which its cause of action existed); see also *Marfia v. T.C. Ziraat Bankasi*, 147 F.3d 83, 91 (2d Cir.1998) (Prejudgment interest is to be based upon the date when damages were incurred or "a single reasonable intermediate date," which can be used to simplify the calculation). In New York, prejudgment interest runs from the date of the arbitration award until the entry of final judgment. *Finger Lakes Bottling Co. v. Coors Brewing Co.*, 748 F.Supp. 2d at 292 citing N.Y.C.P.L.R. § 5002; see also *Global Reinsurance Corp. of Am. v. Argonaut Ins. Co.*, 634 F.Supp.2d 342, 351 (S.D.N.Y.2009). The statutory rate for an award of prejudgment interest in breach of contract cases is nine percent. See N.Y.C.P.L.R. §§ 5001 and 5004.

N.Y.C.P.L.R. § 5003 provides in relevant part that every order directing the payment of money which has been docketed as a judgment shall bear interest from the date of such docketing. New York Courts view the award of post-judgment interest as a penalty for delayed payment of a judgment. *Matter of Rochester Carting Co. v. Levitt*, 36 N.Y.2d 264, 268 (1975). Post-judgment interest in federal court is a creature of statute. *Andrulonis v. United States*, 26 F.3d 1224, 1230 (2d Cir. 1994). 28 U.S.C.A. § 1961(a) provides that interest shall be allowed on any money judgment in a civil case and that such interest shall be calculated from the date of the entry of the judgment. Notably, the statute does not prevent parties from setting their own post-judgment interest rates through private agreements, provided the rate does not violate state usury or other applicable laws. *Westinghouse Credit Corp. v. D'Urso*, 371 F.3d 96, 101 (2d Cir. 2004).

Post-judgment interest serves as a means to "compensate the successful plaintiff for being deprived of compensation for the loss from the time between the ascertainment of the damage and the

payment by the defendant." *Id.* quoting *Kaiser Aluminum & Chem. Corp. v. Bonjorno,* 494 U.S. at 835–36. Post-judgment interest properly runs from the date of the entry of judgment, the date upon which the judgment is "ascertained in a meaningful way." *Kaiser Aluminum & Chem. Corp. v. Bonjorno*, 494 U.S. at 835–36. The award of post-judgment interest in civil cases is mandatory (28 U.S.C. § 1961(a); *Lewis v. Whelan*, 99 F.3d 542, 545 (2d Cir. 1996); *Carte Blanche (Singapore) Pte., Ltd. v. Carte Blanche Int'l, Ltd.*, 888 F.2d 260, 269 (2d Cir. 1989)) and applies to actions seeking to confirm arbitration awards. *Trustees of N.Y.C. Dist. Council of Carpenters Pension Fund, Welfare Fund, Annuity Fund, & Apprenticeship, Journeyman Retraining, Educ. & Indus. Fund v. Metro. Exposition Servs., Inc.*, No. 19-CV-149 (AJN), 2019 WL 2004279, at *3 (S.D.N.Y. May 7, 2019) citing *Trs. for The Mason Tenders Dist. Council Welfare Fund v. Euston St. Servs., Inc.*, No. 15-cv-6628 (GHW), 2016 WL 67730, at *2 (S.D.N.Y. Jan. 5, 2016).

## CONCLUSION

For the foregoing reasons, Plaintiff's motion to amend the judgment entered March 13, 2019 to provide for New York State prejudgment interest and Federal post-judgment interest is GRANTED. The Clerk of the Court is directed to amend judgment entered in favor of Plaintiff Oldcastle, in the amount of $311,518.96, representing $290,235.13 (in damages less counterclaims and setoffs), plus $21,283.83 in interest (4% interest per annum commencing June 30, 2015 through April 30, 2017), pre-judgment interest at 9%, pursuant to New York Law, from May 1, 2017[2] through March 13, 2019 (the entry of final judgment). Further, the Plaintiff is entitled to post-judgment interest pursuant to federal law. The compensation and expenses of the arbitrator totaling $17,369.00, shall be borne as incurred. The Court respectfully directs the Clerk of Court to terminate the motion at ECF No. 69.

Dated: November 8, 2019
        White Plains, New York

SO ORDERED:

_____
Nelson S. Román
United States District Judge

---

[2] The arbitrator granted interest through April 30, 2017. To allow for pre-judgment interest as of April 27, 2017, the date of the arbitrator's decision, would amount to a windfall, in excess of what Plaintiff is entitled to receive.

8